UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LUIS A. BOCANEGRA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. 3:10-CV-020 RM |
| ) | |
| JEFFERY SCHOMMER, *et al.*, ) | |
| ) | |
| Defendants ) | |

## OPINION AND ORDER

Luis Bocanegra, a prisoner confined at the Wabash Valley Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Elkhart County Custody Officers Jeffrey Schommer, Mark Cuzzocrea, and Isaiah Boyer violated his Eighth and Fourteenth Amendment rights while he was confined at the Elkhart County Jail. According to the complaint, on January 9, 2008, Custody Officer Dave Kerk made an unprovoked attack on Mr. Bocanegra "by shooting the plaintiff with his M-26 Taser, in the back." (Complaint at p. 3). Mr. Bocanegra alleges that Officers Schommer, Cuzzocrea, and Boyer "failed to protect the plaintiff from officer Kerk's abuse of the plaintiff." (*Id.*).

Under 28 U.S.C. § 1915A(a), the court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under §

1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> . . . only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted).

Mr. Bocanegra states in his complaint that he sued Officer Kerk for tazing him on January 9, 2008, in *Bocanegra v. Brooks, et al.*, 3:08cv188 RL, a case that is still pending before this court. The docket in 3:08cv188 RL establishes that case deals with the incident Mr. Bocanegra is suing about in this case, that the court has denied Officer Kerk's motion for summary judgment, and that it is ready for a trial setting. The docket in that case also establishes that Mr. Bocanegra didn't name Officers Schommer, Cuzzocrea, and Boyer as defendants in his original complaint but, on November 19, 2009, he filed a motion to adjoin defendants — in which he asked the court to add Officers Schommer, Cuzzocrea, and Boyer as defendants on a claim that they "[w]ere present and failed to stop defendant Kerk from using excessive force." (3:08cv188 RL  DE 61 at 1). On December 1, 2009, the court denied the plaintiff's motion to adjoin as futile, noting that:

> . . . having reviewed the evidence during the summary judgment process, the court concludes that Bocanegra states no valid failure to intervene claim against Officers Schommer, Cuzzocrea, and Boyer. Police or correctional officers who have a realistic opportunity to step forward and prevent another officer from using excessive or unnecessary force but do not may be held

2

> liable in a § 1983 action. Yand v. Hardin, 37 F.3d 282 (7th Cir. 1996). Liability accrues if the bystanding officer had reason to know that excessive force was being used "and the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Id.* at 285 (emphasis in original). In order to state a claim against Officers Schommer, Cuzzocrea, and Boyer they would have had to have had a realistic opportunity to intervene to stop Cpl. Kerk from tasing Bocanegra. But the evidence before the court on summary judgment, including the still photographs of the incident and Bocanegra's own affidavit describing the incident, establish that Corporal Kerk's use of a taser against Bocanegra was so sudden and was over so quickly that officers Schommer, Cuzzocrea, and Boyer would have had no opportunity to intervene.

(3:08cv188 RL  DE 64 at 2-3).

A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See* Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007); McCready v. Ebay, Inc., 453 F.3d 882, 888 (7th Cir. 2006). It is unusual at the screening stage of a complaint to have as well developed a record about a plaintiff's allegations as is available here. But where such information is available, the court may use it to screen an incoming complaint.

By itself, the complaint Mr. Bocanegra filed against Officers Schommer, Cuzzocrea, and Boyer in this case might state a plausible claim for relief against them. But a review of the record in 3:08cv188 RL confirms that the court properly denied Mr. Bocanegra's motion to adjoin Officers Schommer, Cuzzocrea, and Boyer as defendants in that case because, based on the facts developed in that case, he had no valid claim against them and it would have been futile to add them as defendants.

The information available to the court from the record in 3:08cv188 RL establishes, as this court already concluded in 3:08cv188 RL, that Mr. Bocanegra has no valid failure to intervene claim against Officers Schommer, Cuzzocrea, and Boyer. While his claim against

3

Officers Schommer, Cuzzocrea, and Boyer may have been plausible at one point, it is no longer plausible. Mr. Bocanegra has been denied leave to proceed on his failure to intervene claim against them in 3:08cv188 RL, and to renew that claim in a new complaint after the court has already denied leave to proceed on it is malicious.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(1), the court DISMISSES this complaint.

SO ORDERED.

ENTERED: January  29 , 2010

　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　United States District Court

cc: L. Bocanegra